bility of defendants generally for loss of or injury to persons or property on shore and liability of vessel owners for the same injuries. The acts of Congress regulating the liability of railroads to their employés do not affect the cause of action in any way, but abolish certain defenses, such as contributory negligence and assumption of risk. This is entirely consistent with previous legislation limiting the extent of the employer's liability for the cause of action.

The decree is affirmed, but without costs.

---

### THE WYOMING.

### THE E. A. PACKER.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

#### No. 170.

COLLISION (§ 95*)—MEETING TUGS WITH TOWS—CHANGE OF COURSE.

The tug Wyoming, with three barges in tow abreast, was proceeding up East River at about 4 o'clock in the morning, while the tug Packer was coming down further to the westward, with three barges in tow tandem. By signal agreement a transfer tug with a car float crossed toward the Brooklyn shore ahead of the Wyoming, after which passing signals were exchanged between the latter and the Packer; but the Wyoming had in the meantime changed her course toward the Manhattan shore, and was unable successfully to execute her maneuver to starboard, and her port tow came into collision with one of the tows of the Packer. *Held*, it appearing that it was not necessary for the Wyoming to go to the westward to avoid the transfer tug, that she was solely in fault for changing her course when the approaching Packer should have been seen.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 200–202; Dec. Dig. § 95.*

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Southern District of New York; Van Vechten Veeder, Judge.

Suit in admiralty for collision by Bridget Guinan and Oscar Olsen, owner and master of the scow John G., against the steam tug Wyoming, the Lehigh Valley Railroad Company, claimant, and the tug Madison, the Delaware, Lackawanna & Western Railroad Company, claimant; also libel by the Goodwin Sand & Gravel Company, owner of the scow, against the Wyoming and the tug E. A. Packer, impleaded. Decree against the Wyoming, and her claimant appeals. Affirmed.

The following is the oral opinion of Veeder, District Judge:

The evidence in this case shows that the Packer was coming down the East River with three barges in tow, one behind the other, and that the Wyoming was going up stream with three barges abreast on a hawser, and that the Madison came out of Pier 26 on the New York shore and crossed to the other side of the river in front of the Wyoming on a signal to that effect being given by her and answered by the Wyoming. After the Madison had crossed, and the position of the approaching tugs was disclosed, it appeared that the Wyoming had sheered over toward the New York shore, either be-

cause she aimed to cross the river diagonally at this point to her destination above the Brooklyn Bridge on the Manhattan shore, as suggested by the libelant, or, as claimed by the Wyoming, in order to avoid the Madison. In this situation the Packer immediately gave a single whistle signal, which was promptly answered by one whistle from the Wyoming. They were so close upon each other's courses, however, that the Wyoming was unable to carry out successfully her maneuver to starboard, and the port barge of her tow swung around and collided with the second barge of the Packer's tow. The time was about 4 a. m. on November 19, 1910, and there was an ebb tide.

I do not find any fault at all on the part of the Madison. I do not think that her crossing interfered, or should have interfered, with the navigation of the Wyoming. In other words, I believe that she crossed so far ahead of the Wyoming that it was unnecessary for the Wyoming (whether or not she did in fact do so) to change her course or speed, going as she was at very slow speed and against the tide.

I do not appreciate why the Wyoming did not see the Packer before the view was obstructed by the crossing of the Madison, if it is a fact that she did not. The lookout of the Packer says he saw the Wyoming's red light for a considerable time before the crossing of the Madison. It is true that the Packer gave no signal at that time; but there was no reason to believe that the Wyoming would change her course, and so long as she kept on her course off the Brooklyn shore there would be no danger. The witnesses agree that the collision took place just below the Brooklyn Bridge, but there is conflict in the testimony as to what part of the river. I find as a fact that it happened about midstream.

The proximate cause of this collision was the inability of the Wyoming to carry out a maneuver which she had undertaken to carry out in answering the Packer's one whistle with one whistle of her own. Her inability arose from the fact that she had changed her course so far to port as to get in the course of southbound traffic. Even if she had not seen the Packer's lights before the Madison crossed, she was not justified, under the circumstances, in going so far to port at this point in the river.

From this point of view it is unnecessary to decide whether the hawser on the Wyoming's port barge gave way before or after the collision. I find the Wyoming in fault.

Decree accordingly, with reference to ascertain damages.

Harrington, Bigham & Englar, of New York City (D. R. Englar, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (John F. Foley and F. A. Spencer, Jr., both of New York City, of counsel), for appellee the E. A. Packer.

J. L. Seager, of New York City (A. J. McMahon, of New York City, of counsel), for appellee Delaware, L. & W. R. Co.

James J. Macklin, of New York City, for appellees Guinan and another.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Decree affirmed on the opinion of the District Judge.